UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MICHAEL COOPER,

                Plaintiff,

- against -                                   12 CV 2809 (NG) (RER)

DETECTIVE MICHAEL DONLEAVY, Shield No. 06534,       AMENDED
SERGEANT CLAUDIA BARTOLOMEI, Tax Registration       COMPLAINT AND
No. 903406, DETECTIVE ERIC THEISS, Shield No. 7383,       JURY TRIAL DEMAND
DETECTIVE ISMET HOXHA, Shield No. 483,
DETECTIVE JOHN MAGALDI, Shield No. 4165 and
THE CITY OF NEW YORK,

                Defendants.
------------------------------------------------------------------------X

       Plaintiff, MICHAEL COOPER, by his attorney, ALAN D. LEVINE, ESQ., complaining of the defendants herein, respectfully alleges as follows:

## JURISDICTION

       1.     This is a civil action, seeking compensatory damages, punitive damages and attorney's fees.

       2.     This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the fourth and fourteenth amendments to the Constitution of the United States.

       3.     Jurisdiction is founded upon 28 U.S.C. §§1331, 1343, and 1367.

       4.     Plaintiff, invoking the pendent jurisdiction of this Court, also seeks damages for battery.

## VENUE

       5.     Venue is properly alleged in the Eastern District of New York in that the acts complained of herein occurred within this District.

## JURY TRIAL DEMAND

6. Plaintiff hereby demands a trial by jury of all issues in this action that are so triable.

## PARTIES

7. At all times relevant hereto, plaintiff, MICHAEL COOPER, was and is a natural person, resident in the County of Kings, City and State of New York.

8. At all times relevant hereto, defendant DETECTIVE MICHAEL DONLEAVY, Shield No. 06534 (hereinafter "DONLEAVY") was and is a natural person, employed as a detective by defendant CITY OF NEW YORK.

9. At all times relevant hereto, defendant SERGEANT CLAUDIA BARTOLOMEI, Tax Registration No. 903406 (hereinafter "BARTOLOMEI") was and is a natural person, employed as a sergeant by defendant CITY OF NEW YORK.

10. At all times relevant hereto, defendant DETECTIVE ERIC THEISS, Shield No. 7383 (hereinafter "THEISS") was and is a natural person, employed as a detective by defendant CITY OF NEW YORK.

11. At all times relevant hereto, defendant DETECTIVE ISMET HOXHA, Shield No. 483 (hereinafter "HOXHA") was and is a natural person, employed as a detective by defendant CITY OF NEW YORK.

12. At all times relevant hereto, defendant DETECTIVE JOHN MAGALDI, Shield No. 4165 (hereinafter "MAGALDI") was and is a natural person, employed as a detective by defendant CITY OF NEW YORK.

13. At all times relevant hereto, defendant CITY OF NEW YORK was and is a municipal corporation, organized and existing pursuant to the laws of the State of New York.

14. The individual defendants are sued in their individual capacities.

15. On or about April 20, 2011, this date being within ninety (90) days after the claims herein sued upon accrued, plaintiff served upon the Comptroller of the City of New York a verified written notice of claim, setting forth the time, place, nature and manner in which said claim arose.

16. More than thirty (30) days have elapsed from the date the aforesaid verified notice of claim was served and the Comptroller has neglected and refused to make payment of said claim.

17. This action is commenced within one year and ninety days from the date that the causes of action herein accrued.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST THE INDIVIDUAL DEFENDANTS (42 U.S.C. §1983)

18. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "17" hereinabove as if more fully set forth at length herein.

19. On or about March 11, 2011, between approximately 11:30 A.M. and 12 Noon, plaintiff was present on the second floor of the Queens Center Mall, which is located at 90-15 Queens Boulevard, Elmhurst, County of Queens, City and State of New York.

20. At the aforementioned time and place, plaintiff was rushed and grabbed by the individual defendants, who placed him under arrest for a crime committed earlier at another location.

21. With no resistance whatsoever offered by plaintiff, the individual defendants threw him to the floor, very tightly handcuffed him and pulled him up by yanking on the chain holding the two handcuffs together.

22. Plaintiff screamed out in pain and asked that the handcuffs be loosened.

23. Plaintiff's requests for loosening of the handcuffs were denied by the individual defendants.

24. The individual defendants violated plaintiff's right, guaranteed to him by the fourth and fourteenth amendments to the Constitution of the United States, to be free from the use of excessive force in that, acting under color of state law, without any cause or provocation whatsoever, they severely battered plaintiff, thereby causing him serious and permanent injury.

25. Because of the aforesaid acts committed by the individual defendants hereto, while they were acting under color of state law, plaintiff suffered a deprivation of his right to be free from the use of excessive force guaranteed to him by the fourth amendment to the Constitution of the United States and a deprivation of his right to the due process of law guaranteed to him by the fourteenth amendment to the Constitution of the United States and, as a result, suffered and continues to suffer serious, severe and permanent physical and emotional injuries and has undergone and will continue to undergo treatment for his injuries.

26.     By reason of the aforementioned unconstitutional and illegal actions taken against him by the individual defendants, plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars and seeks an additional One Million ($1,000,000.00) Dollars as punitive damages against the individual defendants.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST THE INDIVIDUAL DEFENDANTS
## AND THE CITY OF NEW YORK
### (Battery)

27.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "26" hereinabove as if more fully set forth at length herein.

28.     On or about March 11, 2011, between approximately 11:30 A.M. and 12 Noon, on the second floor of the Queens Center Mall, the address of which is 90-15 Queens Boulevard, Elmhurst, County of Queens, City and State of New York, the individual defendants, without probable cause therefor, offensively touched plaintiff by throwing him to the floor, beating him, handcuffing him extremely tightly and yanking him up by pulling on the chain that holds the two handcuffs together, thereby causing him severe injury.

29.     At the aforesaid time and place, the individual defendants were acting within the scope of their employment by defendant CITY OF NEW YORK.

30.     By reason of the aforementioned battery committed against him by the individual defendants, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff suffered and continues to suffer severe and permanent physical and emotional injuries and has undergone and will continue to undergo treatment for his injuries.

31. As a result of the battery committed against him by the individual defendants, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars and seeks an additional One Million ($1,000,000.00) Dollars as punitive damages against the individual defendants.

WHEREFORE, plaintiff, MICHAEL COOPER, demands judgment against defendants, DETECTIVE MICHAEL DONLEAVY, Shield No. 06534, SERGEANT CLAUDIA BARTOLOMEI, Tax Registration No. 903406, DETECTIVE ERIC THEISS, Shield No. 7383, DETECTIVE ISMET HOXHA, Shield No. 483, DETECTIVE JOHN MAGALDI, Shield No. 4165 and THE CITY OF NEW YORK as follows:

FIRST CAUSE OF ACTION: One Million ($1,000,000.00) Dollars compensatory damages plus One Million ($1,000,000.00) Dollars as punitive damages against the individual defendants; and

SECOND CAUSE OF ACTION: One Million ($1,000,000.00) Dollars compensatory damages plus One Million ($1,000,000.00) Dollars as punitive damages against the individual defendants.

In addition, plaintiff demands the costs and disbursements of this action, including his attorney's fees, pursuant to 42 U.S.C. §1988.

Dated: Kew Gardens, New York
September 19, 2012

ALAN D. LEVINE, ESQ.
Attorney for Plaintiffs
80-02 Kew Gardens, Suite 302
Kew Gardens, New York 11415
(718) 793-6363
Our File No. 2193